IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MICHAEL CASPER ANTHONY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.  CIV-08-606-R |
| | ) | |
| KAY COUNTY DETENTION, | ) | |
| CENTER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff, a prisoner appearing pro se, brings this action pursuant to 42 U.S.C. § 1983 alleging constitutional violations stemming from his confinement at the Kay County Detention Center.  United States District Judge David L. Russell referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B).  Defendants Sheriff Everette Van Hoesen, Kay County Detention Center, Charlie Berry, Bill Gross, Stephanie Ringgold, and Liz Kuhn have filed a Joint Motion to Dismiss, or in the Alternative, Motion to Compel Deposition Testimony with a brief in support (Motion), to which Plaintiff has not responded.  As Plaintiff's time to do so has lapsed, the motion is at issue.  See LCvR 7.1(g)  For the following reasons, it is recommended that Defendants' motion be granted in part.

## I.    BACKGROUND

On March 18, 2009, Defendants moved for, and obtained, permission to depose Plaintiff as required by Federal Rule of Civil Procedure 30(a)(2)(B).  See Defendants' Joint

Motion to Depose Plaintiff, Doc. No. 33, and Order, Doc. No. 34.  In support of the motion seeking leave to depose Plaintiff, Defendants provided the Court with a written form signed by Plaintiff wherein he indicated his willingness to be deposed by Defendants' counsel. Defendants' Joint Motion to Depose Plaintiff, Ex. 1. After obtaining authorization to depose Plaintiff, counsel notified Plaintiff by letter that his deposition had been scheduled for April 23, 2009, at the Kay County Detention Center where Plaintiff is confined.  Motion, Ex. 1.[1] On the morning of April 23, 2009, Defendants' counsel traveled from their offices in Oklahoma City and Tulsa to the Kay County Detention Center in Newkirk to depose Plaintiff, and Kay County Detention Center staff produced Plaintiff for deposition.  Motion, p. 3, Ex. 2.  However, Plaintiff refused to participate in the deposition.  At the deposition, Plaintiff advised opposing counsel for the first time that his family is attempting to hire counsel to represent him, that he did not know who his prospective attorney was, that he was not aware he would be deposed that day, and that he did not want to participate in the deposition without his attorney being present. Motion, Ex. 2, pp. 3-5.  Accordingly, Plaintiff was not deposed that date and has not been deposed to date.  Further, no attorney has entered an appearance on Plaintiff's behalf.

## II.    DISCUSSION

Defendants have asked the Court to dismiss Plaintiff's suit as a sanction for failing to

---

[1] Defendants state that they did not issue a formal notice or subpoena for Plaintiff's deposition.  Motion, p. 2.  However, the undersigned concludes that the letter counsel wrote to Plaintiff satisfies the requirements of a formal deposition notice because it is in writing, states the time and place for the deposition, and contains the deponent's name and address.  See Fed. R. Civ. P. 30(b)(1).

appear at his deposition and to award them costs and fees incurred in attending the deposition and preparing their motion; alternatively, they seek an order compelling Plaintiff's appearance and participation in his deposition.  Motion, p. 1.

Defendants cite Federal Rule of Civil Procedure 37(d) as the basis for their motion, which authorizes a court to impose sanctions if "a party . . . fails, after being served with proper notice, to appear for that person's deposition."  Fed. R. Civ. P. 37(d)(1)(A)(i). Appropriate sanctions for failure to appear at a deposition may include an order:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part; or
>
> (vi) rendering a default judgment against the disobedient party;

Fed. R. Civ. P. 37(b)(2)(A)(i)-(vi), 37(d)(3).  Rule 37(d)(3) also requires district courts "[i]nstead of or in addition to [the foregoing] sanctions" to require the party failing to appear for the deposition "to pay the reasonable expenses, including attorney's fees caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."

Significantly, Rule 37(d) sanctions are only available for a "party's failure to attend its own deposition." Fed. R. Civ. P. 37(d) (capitalization altered).  Defendants cite an opinion

issued in 1959 in the Eastern District of Louisiana as support for their claim that Plaintiff's refusal to answer questions at his deposition was tantamount to a failure to appear for it even though he was present at the deposition.  Motion, pp. 5-6 (citing Bourne, Inc. v. Romero, 23 F.R.D. 292, 295-96 (E.D. La. 1959)).   However, several federal appellate courts have determined that physically attending a deposition but refusing to answer questions does not constitute a failure to appear at the deposition for Rule 37(d) purposes.  See, e.g., Estrada v. Rowland, 69 F.3d 405, 406 (9th Cir. 1995) (holding that attending, but declining to answer questions at a deposition does not amount to a failure to appear for the purposes of Rule 37(d)); Aziz v. Wright, 34 F.3d 587, 589 (8th Cir. 1994) (holding same); R.W. Int'l Corp. v Welch Foods, Inc., 937 F.2d 11, 15 n.2 (1st Cir. 1991)  ("[F]ailure to appear for a deposition is strictly construed and Rule 37(d) sanctions apply only when a deponent literally fails to show up for a deposition session." (quotations omitted)); Stevens v. Greyhound Lines, Inc., 710 F.2d 1224, 1228 (7th Cir. 1983); SEC v. Res. Automation Corp., 521 F.2d 585, 589 (2d Cir. 1975).

Given the weight of the foregoing authorities, the undersigned cannot conclude that Plaintiff's refusal to answer questions at his own deposition was tantamount to a failure to appear.  Accordingly, sanctioning him pursuant to Rule 37(d) as requested in Defendants' motion is inappropriate.  Instead, "the proper remedy is a court order to testify under Rule 37(a) . . . ."  Estrada, 69 F.3d at 406.  Accordingly, it is recommended that Defendants' motion to dismiss as a sanction for Plaintiff's refusal to testify at the deposition be denied. However, Defendants' alternative request for an order compelling Plaintiff to testify at his

4

deposition should be granted as it is clear that Plaintiff failed to answer deposition questions. See Fed. R. Civ. P. 37(a)(3)(B)(i).

When a party moves for and obtains an order compelling a deponent's answers to deposition questions, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5). As applicable here, an award of expenses should not be made if "the opposing party's nondisclosure, response, or objection was substantially justified[] or [] other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(ii)-(iii).  Plaintiff's time to respond to Defendants' motion expired without the filing of any response, so the undersigned is not aware of any justification for Plaintiff's behavior or anything else that would make an award of expenses unjust.  Accordingly, it is recommended that Plaintiff be required to pay Defendants' reasonable expenses in bringing their motion, including attorney's fees. However, no award of the additional expenses or sanctions, including the costs incurred in attending Plaintiff's deposition, would be proper here since Plaintiff's conduct, while reprehensible, did not violate any order compelling his deposition testimony to justify an award of sanctions pursuant to Rule 37(b), R.W. Int'l Corp. v. Welch Foods, Inc., 937 F.2d 11, 15 (1st Cir. 1991) (concluding that sanction of dismissal for failure to answer deposition questions was premature when there was no order compelling answers to deposition

questions),[2] and his conduct was not tantamount to a failure to appear for his deposition.

## RECOMMENDATION

For the foregoing reasons, it is recommended that Defendants' Joint Motion to Dismiss, or in the Alternative, Motion to Compel Deposition Testimony [Doc. No. 36] be **GRANTED** in part as set forth above.  It is recommended that Judge Russell enter an order pursuant to Rule 37(a) compelling Plaintiff's deposition testimony and award Defendants' costs incurred in connection with preparing their motion.  It is further recommended that all other relief requested in the motion, including dismissal of Plaintiff's claims, be **DENIED**. Plaintiff is explicitly warned that his future refusal to cooperate in discovery may result in the imposition of sanctions, including dismissal of his suit.

The parties are advised of their right to file an objection to this Report and Recommendation with the Clerk of this Court by July 9, 2009, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1.  The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. Moore v. United States, 950 F.2d 656 (10th Cir. 1991).  This Report and Recommendation disposes only of the discovery motion.  At this time, all of Plaintiff's claims against all Defendants, except for Defendant Cole Matthews

---

[2] The undersigned's order authorizing Defendants to take Plaintiff's deposition does not constitute an order compelling Plaintiff's testimony.  See, e.g., Brown v. Merline, Civil No. 05-2824 (RBK), 2006 WL 2038494, at *3 (D.N.J. July 19, 2006) (unpublished) ("Judge Donio's Order of October 25, 2005, granting Defendants' motion for leave to take Plaintiff's deposition, does not constitute an order to testify . . . .").

6

(who was dismissed without prejudice) remain pending before the undersigned.

**ENTERED this 19th day of June, 2009.**


DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE